IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| CLARITY SPORTS INTERNATIONAL LLC and JASON BERNSTEIN, | ) ) ) | |
| Petitioners, | ) | |
| v. | ) ) | No. _____ |
| KENNY GOLLADAY, | ) ) | Arising from Civil Action No. 1:19-cv-305-YK, pending in |
| Respondent. | ) ) | the United States District Court For the Middle District of Pennsylvania |

## MOTION TO ENFORCE RULE 45 SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) and Local Rule 7.1, Petitioners Clarity Sports International LLC and Jason Bernstein (collectively, "Petitioners") hereby move this Court to compel nonparty Kenny Golladay ("Golladay") to comply with the subpoena ("Subpoena") that Petitioners served on Golladay in the underlying tortious interference action captioned *Clarity Sports International LLC et al. v. CAA Sports et al.*, Case No. 1:19-cv-305-YK (M.D.Pa.) (the "MDPA Action").

For the reasons set forth in their Brief in Support of Motion to Enforce Rule 45 Subpoena, Petitioners respectfully move this Court to enter an Order compelling Golladay to comply with the Subpoena, sit for a deposition, and produce responsive documents.

37222929.1

As required by Local Rule 7.1(a), counsel for Petitioners have attempted to confer with Golladay regarding the Subpoena, the nature of this Motion, and its legal basis. Neither Golladay nor anyone acting on his behalf has responded.

| | |
|---|---|
| Dated:  December 8, 2020 | Respectfully submitted, |

HONIGMAN LLP
Attorneys for Petitioners

 _/s/ Andrew W. Clark_____
HONIGMAN LLP
Jeffrey K. Lamb (P76738)
Andrew W. Clark (P79165)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
313.465.7282
jlamb@honigman.com
aclark@honigman.com

DOWD BENNETT LLP
John D. Comerford #60164MO
(application for admission forthcoming)
James B. Martin #70219MO
(application for admission forthcoming)
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (phone)
(314) 863-2111 (facsimile)
jcomerford@dowdbennett.com
jbmartin@dowdbennett.com
*Co-Counsel for Petitioners*

i

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| CLARITY SPORTS INTERNATIONAL LLC and JASON BERNSTEIN, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. _____ |
| KENNY GOLLADAY, | ) ) | Arising from Civil Action No. 1:19-cv-305-YK, pending in |
| Respondent. | ) ) | the United States District Court For the Middle District of Pennsylvania |

**<u>BRIEF IN SUPPORT OF MOTION TO ENFORCE RULE 45 SUBPOENA</u>**

## TABLE OF CONTENTS

PAGE

STATEMENT OF ISSUE ................................................................................................ v

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................. vi

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................ 3

LEGAL STANDARD .................................................................................................... 5

ARGUMENT ................................................................................................................... 6

    I.    The Subpoena Was Properly Served and Seeks Relevant Information and Testimony ............................................................................................. 6

    II.    Golladay Has Defied the Subpoena and Waived Any Objection to the Subpoena ........................................................................................................ 8

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

PAGE

**CASES**

*American Elec. Power Co., Inc. v. United States*,
  191 F.R.D. 132 (S.D.Ohio 1999) .......................................................................... 6, 8

*CH Holding Co. v. Miller Parking Co.*,
  2013 WL 4516382 (E.D. Mich. Aug. 26, 2013) ...................................................... 5

*Dobbins v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*,
  2020 WL 402235 (E.D. Mich. Jan. 23, 2020) ......................................................... 7

*Faison v. State Farm Fire & Cas. Co.*,
  2015 WL 4274882 (E.D. Mich. June 18, 2015) ...................................................... 5

*Halawani v. Wolfenbarger*,
  2008 WL 5188813 (E.D. Mich. Dec. 10, 2008) ............................................. 5, 6, 7

*In re Managed Care Litig.*,
  2020 WL 3643042 (S.D. Fla. July 6, 2020) ........................................................... 10

*In re Subpoena to Schrader-Bridgeport Int'l, Inc.*,
  2016 WL 6662471 (E.D. Mich. Aug. 26, 2016) .................................................... 10

*Legion Ins. Co. v. John Hancock Mut. Life Ins. Co.*,
  33 Fed. Appx. 26 (3d Cir. 2002) ........................................................................... 10

*Lyons v. Leach*,
  2014 WL 823411 (E.D. Mich. Mar. 3, 2014) ....................................................... 6, 8

*Maine Community Health Options v. Walgreen Co.*,
  2018 WL 6696042 (W.D. Wisc. Dec. 20, 2018) .................................................... 10

*Needa Parts Mfg., Inc. v. Psnet, Inc.*,
  2009 WL 174002 (E.D. Mich. Jan. 23, 2009) ......................................................... 9

*Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*,
  2011 WL 6739400 (E.D. Mich. Dec. 22, 2011) .................................................. 6, 8

37222929.1

*Ping-Kuo Lin v. Horan Capital Mgmt. LLC*,
  2014 WL 3974585 (S.D.N.Y. August 13, 2014) .................................................... 10

*Stocker v. Marjakaj*,
  2015 WL 13861152 (E.D. Mich. Jan. 29, 2015) .................................................... 8

**STATUTES**

9 U.S.C. § 7 ................................................................................................................. 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b)(1) ............................................................................................... 5

Fed. R. Civ. P. 45(a) .................................................................................................... 5

Fed. R. Civ. P. 45(c) ........................................................................................... 6, 9, 11

Fed. R. Civ. P. 45(d) ........................................................................................ 5, 8, 10, 11

Fed. R. Civ. P. 45(g) .................................................................................................. 6, 9

Fed. R. Evid. 401 ......................................................................................................... 5

## **CONCISE STATEMENT OF THE ISSUE**

Whether this Court should compel Kenny Golladay to comply with the Subpoena served on him by Petitioners in the MDPA Action.

*Petitioners state: Yes.*

# CONTROLLING AUTHORITY

**Cases**

*Halawani v. Wolfenbarger*, 2008 WL 5188813 (E.D. Mich. Dec. 10, 2008)

*Lyons v. Leach*, 2014 WL 823411 (E.D. Mich. Mar. 3, 2014)

*Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2011 WL 6739400 (E.D. Mich. Dec. 22, 2011)

*Needa Parts Mfg., Inc. v. Psnet, Inc.*, 2009 WL 174002, at *1 (E.D. Mich. Jan. 23, 2009)

**Rules**

Fed. R. Civ. P. 45

Fed. R. Civ. P. 26

## INTRODUCTION

In the civil action underlying the Subpoena, *Clarity Sports International LLC et al. v. CAA Sports et al.*, Case No. 1:19-cv-305-YK (M.D.Pa.) (the "MDPA Action"), Petitioners assert claims for tortious interference against defendants CAA Sports LLC, Redland Sports, Gerry Ochs, MVP Authentics, LLC, Daryl Eisenhour, Jason Smith, Boone Enterprises d/b/a Boone Enterprises Authentic Autographs, and Craig Boone (collectively, "Defendants"). *See* Ex. 1 at 12-49 (Petitioners' Third Amended Complaint in the MDPA Action). Petitioners are Golladay's former agent Jason Bernstein and Bernstein's agency, Clarity Sports International LLC. Petitioners allege Defendants tortiously interfered with two of Petitioners' contracts with Golladay, a wide receiver who plays for the Detroit Lions of the National Football League. Part of Petitioners' claims involve a January 21, 2019 autograph signing for Golladay, which plaintiffs allege Defendants arranged and that caused Golladay to terminate his contracts with Petitioners and hire a different agent. Golladay's testimony and any documents in his possession responsive to the Subpoena are relevant to Plaintiff's claims.

Golladay was served with the Subpoena on November 5, 2020 at the Detroit Lions facility in Allen Park, Michigan. Golladay executed and signed a written authorization for Jay Colvin ("Colvin"), General Counsel for the Detroit Lions, to accept service of the Subpoena on his behalf. After Colvin accepted service on

Golladay's behalf, counsel for Petitioners corresponded with Colvin, both telephonically and via email, about the Subpoena, and provided him the link to and instructions for the Zoom meeting by which Golladay's deposition was to occur.

Golladay did not file or serve any written objections to the Subpoena. Golladay also did not file or serve any motion in response to the Subpoena. In addition, no party to the MDPA Action filed or served any motion in response or written objections to the Subpoena.

Despite having been served with the Subpoena nearly a month before the deposition date set therein, Golladay did not appear at the December 3, 2020 deposition set forth in the Subpoena. Golladay also did not produce any documents pursuant to the Subpoena. Thereafter, counsel for Petitioners emailed Golladay and Colvin about Golladay's non-compliance with the Subpoena. In an effort to avoid filing the instant action, counsel for Petitioners inquired about whether Golladay would sit for a deposition on a different date. In another email to Golladay and Colvin, counsel for Petitioners informed Golladay that he could produce the documents to Honigman LLP, Petitioners' counsel based in Detroit. Neither Golladay, Colvin, nor anyone else purporting to act on Golladay's behalf has responded.

As such, Golladay has defied the Subpoena, which was lawfully issued and served on him. Because he did not object to the Subpoena, he has waived his ability

37222929.1

to do so, and he should be compelled to comply. This Court should enforce the Subpoena.

## FACTUAL BACKGROUND

On November 2, 2020, Petitioners served notice of the Subpoena on counsel for all defendants in the MDPA Action. Ex. 2. On November 5, 2020, Golladay was served with the Subpoena at the Detroit Lions facility at 222 Republic Park in Allen Park, Michigan. Ex. 3. Golladay executed and signed a written authorization for Jay Colvin ("Colvin"), General Counsel for the Detroit Lions, to accept service of the Subpoena on his behalf. *Id.* at 4. The authorization read: "On Thursday November 5, 2020, I Kenneth Golladay authorize Jay Colvin to accept and receive service of process on my behalf." *Id.* Golladay's signature followed. *Id.* The process server noted the reason for the procedure, which apparently concerned the National Football League and/or the Detroit Lions' "Covid[-19] new procedure": "Informed if I go near Mr. Golladay he would be forced to go into quarantine." *Id.* at 3.

After Colvin accepted service on Golladay's behalf, counsel for Petitioners corresponded with Colvin, both telephonically and via email, about the Subpoena, and provided him the link to and instructions for the Zoom meeting by which Golladay's deposition was to occur. Ex. 4. Golladay did not file or serve any written objections to the Subpoena. Golladay also did not file or serve any motion in

response to the Subpoena. In addition, no party to the MDPA Action filed or served any motion in response or written objections to the Subpoena.

The Subpoena commanded Golladay to appear for a deposition in the Eastern District of Michigan, where Golladay is located, resides, and is employed, because it stated the deposition would take place via video conference. Ex. 1. It stated the deposition was to occur on December 3, 2020 at 10:00 a.m. Eastern Standard Time. *Id.* The Subpoena also commanded Golladay to produce specific documents relevant to the MDPA Action and set forth on an attachment to the Subpoena. *Id.* at 1, 4.

On December 3, 2020, all counsel in the MDPA Action appeared for Golladay's scheduled deposition, but Golladay did not. Ex. 5. Golladay also did not produce any documents pursuant to the Subpoena. Thereafter, counsel for Petitioners emailed Golladay and Colvin about Golladay's non-compliance with the Subpoena. Ex. 6 at 1, 3. In an effort to avoid filing the instant action, counsel for Petitioners inquired about whether Golladay would sit for a deposition on a different date. *Id.* at 3. In another email to Golladay and Colvin, counsel for Petitioners informed Golladay that he could produce the documents to Honigman LLP, Petitioners' counsel based in Detroit. *Id.* at 1. Neither Golladay, Colvin, nor anyone else purporting to act on Golladay's behalf has responded.

## **LEGAL STANDARD**

Parties may obtain discovery with respect to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "'Relevant evidence' is 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *CH Holding Co. v. Miller Parking Co.*, 2013 WL 4516382, at *2 (E.D. Mich. Aug. 26, 2013) (quoting Fed. R. Evid. 401).

"Federal Rule of Civil Procedure 45 governs the issuance of subpoenas for the discovery of information from third parties." *Faison v. State Farm Fire & Cas. Co.*, 2015 WL 4274882, at *2 (E.D. Mich. June 18, 2015), *report and recommendation adopted*, 2015 WL 4274887 (E.D. Mich. July 14, 2015). Rule 45(a) permits a party to sign, and a court to issue, a subpoena to a nonparty for testimony and/or the production of documents. *See* Fed. R. Civ. P. 45(a). Such a discovery request "should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Halawani v. Wolfenbarger*, 2008 WL 5188813, at *5 (E.D. Mich. Dec. 10, 2008) (compelling compliance with subpoena that sought relevant information) (citation omitted).

A subpoenaed person may serve written objections within 14 days of service. Fed R. Civ. P. 45(d)(2)(B). At any time thereafter, "the serving party may move the

37222929.1

court for the district where compliance is required for an order compelling production or inspection." *Id*. A nonparty served with the subpoena may make written objections to the subpoena before the time specified for compliance under the subpoena. Fed. R. Civ. P. 45(c)(2)(B). A nonparty's failure to timely object to the subpoena waives any objections except in unusual circumstances, such as when the subpoena is facially overbroad. *Lyons v. Leach*, 2014 WL 823411, at *1 (E.D. Mich. Mar. 3, 2014) (citing *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136–37 (S.D.Ohio 1999)); *see also Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2011 WL 6739400, at *2 (E.D. Mich. Dec. 22, 2011) ("A nonparty's failure to timely object to the subpoena generally waives any objections.").

This Court can enforce the subpoena against Golladay under Rule 45(g), which provides that "[t]he court for the district where compliance is required…may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena…." Fed. R. Civ. P. 45(g). *See also Halawani*, 2008 WL 5188813, at *7 (E.D. Mich. Dec. 10, 2008) ("Although a subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nonetheless an act in defiance of a court order….").

## ARGUMENT

### I. The Subpoena Was Properly Served and Seeks Relevant Information and Testimony.

Golladay was properly served with the Subpoena when he authorized Colvin to accept service on his behalf, and Colvin did so. *See* Ex. 3. Petitioners' process server was informed he could not approach Golladay because of the COVID-19 procedure in place. *Id.* Golladay's specific, signed authorization is beyond what other courts have found constitutes proper service. *See Dobbins v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2020 WL 402235, at *4 (E.D. Mich. Jan. 23, 2020) ("The Court agrees that service of the Subpoena on the front-desk receptionist at Silver Pine Imaging, where [the witness being served] Dr. Farooki admittedly regularly transacts business as a diagnostic radiologist for Silver Pine Imaging, is sufficient service 'reasonably calculated to achieve actual delivery' to Dr. Farooki."). Even were the service defective (which it is not), neither Golladay, Colvin, nor anyone else acting on Golladay's behalf has challenged the method of service or otherwise objected to the Subpoena.

The Subpoena seeks testimony and documents that are directly relevant to the MDPA Action. Petitioners allege Defendants tortiously interfered with Petitioners' contracts and caused Golladay to terminate those contracts. Ex. 1 at 12-49. His testimony and relevant communications and documents are clearly relevant. *Halawani*, 2008 WL 5188813, at *5 (E.D. Mich. Dec. 10, 2008) (Rule 45 subpoena

- 7 -

"should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action.").

## II. Golladay Has Defied the Subpoena and Waived Any Objection to the Subpoena.

Despite being served with the Subpoena, Golladay did not appear for his scheduled deposition or produce documents. Ex. 5. It is indisputable that he has failed to comply with the Subpoena, and neither he nor any other party has filed a motion or objection to the Subpoena. Golladay must comply with the Subpoena. *Stocker v. Marjakaj*, 2015 WL 13861152, at *1 (E.D. Mich. Jan. 29, 2015) ("If the witness does not file a motion to quash or other objection, they must comply with the subpoena.").

As noted, Golladay did not file a motion or objection to the Subpoena. Rule 45 provides that he must have served any written objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed R. Civ. P. 45(d)(2)(B). By not doing so, Golladay has waived any objections to the Subpoena. *Lyons v. Leach*, 2014 WL 823411, at *1 (E.D. Mich. Mar. 3, 2014) (nonparty's failure to timely object to the subpoena waives any objections except in unusual circumstances, such as when the subpoena is facially overbroad) (citing *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136–37 (S.D.Ohio 1999)); *see also Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2011 WL

6739400, at *2 (E.D. Mich. Dec. 22, 2011) ("A nonparty's failure to timely object to the subpoena generally waives any objections.").

The deposition is to take place in the Eastern District of Michigan, where Golladay is located, and the Subpoena specifies that the deposition would occur via videoconference. Ex. 1. The Subpoena is proper because it requires compliance in the Eastern District of Michigan, where Golladay is located. *See* Fed. R. Civ. P. 45(c)(1)(A) and 45(c)(2)(A) (subpoena may command a person to attend a deposition and/or produce documents and electronically stored information "within 100 miles of where the person resides, is employed, or regularly transacts business in person"); *Needa Parts Mfg., Inc. v. Psnet, Inc.*, 2009 WL 174002, at *1 (E.D. Mich. Jan. 23, 2009) (granting motion to enforce subpoena where "[t]he place of deposition is within the limits of Rule 45(c)(3)(A)(ii)," and the witness "allegedly failed to appear as directed by the subpoena" and "did not move to quash or otherwise modify the subpoena."). This Court can enforce the subpoena against Golladay under Rule 45(g), which provides that "[t]he court for the district where compliance is required…may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena…." Fed. R. Civ. P. 45(g). Petitioners seek mere enforcement of the Subpoena against Golladay.

Rule 45 requires a party serving a subpoena on a nonparty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the

subpoena." *In re Subpoena to Schrader-Bridgeport Int'l, Inc.*, 16-50611, 2016 WL 6662471, at *1 (E.D. Mich. Aug. 26, 2016) (citing Rule 45(d)(1)). Petitioners did so by emailing with Golladay and Colvin about alternative dates for his deposition, and in an attempt to provide Golladay with a convenient location within this district to produce documents. Ex. 6 at 1, 3. Golladay has not responded to Petitioners' efforts to avoid imposing undue burden or expense on him. Golladay should be ordered to comply with the Subpoena.

Under Rule 45, this Court may modify the Subpoena to ensure Golladay is given a reasonable time to comply, is only required to comply within the geographical limits specified in Rule 45(c), and is not subjected to undue burden. Rule 45(d)(3). Petitioners have already made efforts to ensure Golladay enjoys these protections by emailing Golladay to discuss logistics and accommodations.

## CONCLUSION

The Subpoena was lawfully issued, properly served, and requests relevant testimony and documents. Golladay failed to appear to testify, failed to produce documents, and failed to object or file a motion in response to the Subpoena. This Court should enforce the Subpoena and order Golladay to testify and to produce documents responsive to the Subpoena.

Dated: December 8, 2020 Respectfully submitted,

HONIGMAN LLP
Attorneys for Petitioners

 /s/ Andrew W. Clark
HONIGMAN LLP
Jeffrey K. Lamb (P76738)
Andrew W. Clark (P79165)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
313.465.7282
jlamb@honigman.com
aclark@honigman.com

DOWD BENNETT LLP
John D. Comerford #60164MO
(application for admission forthcoming)
James B. Martin #70219MO
(application for admission forthcoming)
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (phone)
(314) 863-2111 (facsimile)
jcomerford@dowdbennett.com
jbmartin@dowdbennett.com
*Co-Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document will be served on Respondent in a manner prescribed by Fed. R. Civ. P. 5, and a further proof of service will be filed with the Court when service is effectuated.

 /s/ Andrew W. Clark

37222929.1