# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| CLARITY SPORTS INTERNATIONAL LLC and JASON BERNSTEIN, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. 2:20-mc-51484 |
| KENNY GOLLADAY, | ) ) | Arising from Civil Action No. 1:19-cv-305-YK, pending in |
| Respondent. | ) ) | the United States District Court For the Middle District of Pennsylvania |

## MOTION FOR ALTERNATE SERVICE

Petitioners Clarity Sports International ("Clarity") and Jason Bernstein, request the Court's permission to serve their initiating motion in this miscellaneous matter on Respondent Kenny Golladay by alternate process.

Petitioners were forced to open this matter to secure Golladay's compliance with a valid document and deposition subpoena issued in a civil case pending in the Middle District of Pennsylvania. (ECF 1.) The underlying litigation is between Golladay's former agent (Clarity and its principal, Bernstein) and the sports agency Golladay hired when he terminated his contracts with Petitioners (as well as parties associated with that new agency). Golladay's testimony and documents in his possession are germane to the claims in that case. Golladay is a wide receiver for the Detroit Lions, and has failed to comply, or in any meaningful way, respond to the subpoena.

37318693.2

A lawyer for the Detroit Lions, Jay Colvin, was expressly authorized to accept service of the original subpoena. (ECF 1-4, PageID.121.) Nevertheless, Golladay did not appear for his scheduled deposition, did not produce any documents, and neither he nor Colvin responded to Petitioners efforts to accommodate Golladay's schedule or find alternative dates for the deposition.[1] (ECF 1-5; 1-7.) Golladay has served no objection to the subpoena. Those failures necessitated Petitioners' initiation of this miscellaneous action.

Continuing his efforts to circumvent the lawful subpoena, Golladay has evaded service of the initiating motion in this case. As a result of their past history, Petitioners have records of Golladay's home address and his email addresses; they have corresponded with him successfully by electronic and regular mail in the past. (Exhibit 1, Declaration of J. Comerford at ¶¶ 2-5.) Through their initial efforts to serve the subpoena, Petitioners learned that Golladay is unreachable at his past residential address, and they have been unable to identify a different residential address for him. (*Id.* at ¶ 4; Exhibit 2, Affidavit of Process Server.) Golladay has not responded to a single email message sent to either of two addresses about the

---

[1] According to current news reports, Golladay is rehabilitating from an injury, though he remains on the Lions' active roster, and thus the deposition Petitioners request likely has limited impact on any practice or game obligations. Kyle Meinke, *No Matthew Stafford, Kenny Golladay at Detroit Lions Practice*, MLIVE (December 16, 2020, 1:05 PM), https://www.mlive.com/lions/2020/12/no-matthew-stafford-kenny-golladay-at-detroit-lions-practice.html.

subpoena, yet none of those messages has been returned as undeliverable. (*Id.* at ¶¶ 6-7.)

On November 5, 2020, Golladay authorized "Jay Colvin to accept and receive service of process on my behalf." (ECF 1-4, PageID.121.) While this authorization was prompted by Petitioners' efforts to serve the subpoena, it was not limited in scope or duration. So, while it is undisputed that Colvin had authorization to (and did) accept service of the subpoena for Golladay, Colvin now asserts that he does not represent Golladay and disclaims any authorization to accept service of the initiating motion in this matter. (Exhibit 3, Colvin Email.) Colvin has further instructed Petitioners that any attempt to serve Golladay personally at his place of work and last known address—the Detroit Lions' practice facility in Allen Park—would be futile because the process server would be refused entry based on the Lions' coronavirus protocols. (*Id.*) Golladay, for his part, continues to be unreachable at his residential address and has failed to respond to any emails sent to addresses at which he previously conducted business with Petitioners. (Exhibit 1 at ¶ 6.)

Golladay and the Detroit Lions are aware of the subpoena and this action to enforce it, yet they continue to hamper Petitioners' efforts to pursue this basic discovery by attempting to circumvent service. As a result, Petitioners respectfully request that the Court permit them to effectuate service in this matter by (1) email

3

37318693.2

sent to Golladay's and Colvin's known email addresses and (2) regular mail sent to Golladay's last known address, the Detroit Lions' practice facility at 222 Republic Drive, Allen Park, MI 48101.[2]

| | |
|---|---|
| Dated: December 17, 2020 | Respectfully submitted, |

HONIGMAN LLP
Attorneys for Petitioners

 /s/ Andrew W. Clark
HONIGMAN LLP
Jeffrey K. Lamb (P76738)
Andrew W. Clark (P79165)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
313.465.7282
jlamb@honigman.com
aclark@honigman.com

DOWD BENNETT LLP
John D. Comerford #60164MO
(application for admission forthcoming)
James B. Martin #70219MO
(application for admission forthcoming)
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (phone)
(314) 863-2111 (facsimile)
jcomerford@dowdbennett.com
jbmartin@dowdbennett.com
*Co-Counsel for Petitioners*

---

[2] This is the registered corporate address for The Detroit Lions, Inc. Mr. Colvin is listed as the resident agent for the Lions.

37318693.2

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| CLARITY SPORTS INTERNATIONAL LLC and JASON BERNSTEIN, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | No. 2:20-mc-51484 |
| KENNY GOLLADAY, | ) ) | Arising from Civil Action No. 1:19-cv-305-YK, pending in |
| Respondent. | ) ) | the United States District Court For the Middle District of Pennsylvania |

**<u>BRIEF IN SUPPORT OF MOTION FOR ALTERNATE SERVICE</u>**

In support of its Motion for Alternate Service, Petitioners rely on the facts identified in the motion as well as the exhibits to their initiating motion in this miscellaneous matter. Federal Rules of Civil Procedure 4 and 5 as well as Michigan Court Rule 2.105 authorize the Court to permit alternative service in the forms Petitioners request here.

Rule 4 deals with service of case initiating documents and "allows for flexibility in service" so that the relevant parties "are given proper notice of an action and to eliminate unnecessary technicalities." *N. Atl. Operating Co., Inc. et al. v. Babenko*, Case No. 15-14013, 2016 WL 9445919 at *1 (E.D. Mich. May 6, 2016). Courts have not hesitated to authorize alternate forms of service, including service by email, when routine service mechanism have failed. *Id. See also*, *Elcometer, Inc.*

- 1 -

*v. TQC-USA, Inc.*, Case No. 12-cv-14628, 2013 WL 592660 at *2 (E.D. Mich. Feb. 14, 2013) (recognizing that "courts have authorized a variety of alternative methods of service, including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex and most recently, email."); *McCluskey v. Belford High School*, Case No. 2:09-14345, 2010 WL 2696599 at *2 (E.D. Mich. June 24, 2010) (permitting service by email, facsimile, and "live chat" features.) Rule 5, applicable to all court filings, similarly takes a flexible approach. *See* Fed. R. Civ. P. 5(b)-(c). And the Michigan Court Rules permit a court to allow alternative service "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I).

In this case, there is no question that Golladay must already be aware of both the subpoena and the action to enforce it. He expressly authorized a Detroit Lions attorney to accept service of process on his behalf (not limited to the subpoena), and has received multiple emails about both the subpoena and this proceeding.[3] The Detroit Lions also are fully informed about this proceeding and certainly have the ability to convey that information to Golladay. Petitioners' request to effectuate

---

[3] Golladay has previously communicated with Petitioners using those email addresses and no emails sent by Petitioners or their counsel to those addresses have been returned as undeliverable. *FKA Distrib. Co. LLC v. Yisi Tech. Co., Ltd.* Case No. 17-cv-10226, 2017 WL 4129538 at *1 (E.D. Mich. Sept. 19, 2017) (permitting email service where party does business through email and email address in question is valid.)

- 2 -

37318693.2

service by email to Golladay and regular mail addressed to him at his employer's registered address is reasonably calculated to put Golladay on notice of the case and give him an opportunity to be heard. Petitioners' request should be granted.

For the foregoing reasons, the Court should order that service in this matter can be effectuated by (1) email to Golladay's and Colvin's known email accounts and (2) regular mail addressed to Golladay at the Detroit Lions' registered corporate address: 222 Republic Drive, Allen Park, MI 48101.

Dated: December 17, 2020

Respectfully submitted,

HONIGMAN LLP
Attorneys for Petitioners

  /s/ Andrew W. Clark_____
HONIGMAN LLP
Jeffrey K. Lamb (P76738)
Andrew W. Clark (P79165)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
313.465.7282
jlamb@honigman.com
aclark@honigman.com

DOWD BENNETT LLP
John D. Comerford #60164MO
(application for admission forthcoming)
James B. Martin #70219MO
(application for admission forthcoming)
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105

37318693.2

- 4 -

          (314) 889-7300 (phone)
          (314) 863-2111 (facsimile)
          jcomerford@dowdbennett.com
          jbmartin@dowdbennett.com
          *Co-Counsel for Petitioners*