UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARITY SPORTS INTERNATIONAL, LLC,

Plaintiff/Petitioner,

No. 20-51484

v.

District Judge George Caram Steeh
Magistrate Judge R. Steven Whalen

REDLAND SPORTS, ET AL.,

Defendants,

v.

KENNETH GOLLADAY,

Respondent.
_______________________________ /

**ORDER DENYING MOTION TO ENFORCE SUBPOENA [ECF No.1] AND GRANTING MOTION FOR ALTERNATE SERVICE [ECF No. 3]**

Plaintiff/Petitioner Clarity Sports International, LLC ("Clarity") seeks to enforce a subpoena it issued to a Michigan resident with regard to an action brought in the Middle District of Pennsylvania, *Clarity Sports International, LLC v. Redland Sports, Et Al.*, M.D. Pa. No. 19-cv-305-YK. Before this Court are two motions. First, Clarity has filed a motion to enforce Rule 45 subpoena [ECF No. 1]. Clarity filed a subsequent motion for alternate service [ECF No. 3]. For the reasons discussed below, the motion to enforce subpoena [ECF No. 1] is DENIED, and the motion for alternate service [ECF No. 3] is GRANTED.

## I. BACKGROUND

The Michigan resident that Clarity seeks to subpoena is Kenny Golladay, a wide

receiver for the Detroit Lions. Mr. Golladay is not a part to the underlying litigation in the Middle District of Pennsylvania. Rather, as Clarity explains, "The underlying litigation is between Golladay's former agent (Clarity and its principal, Bernstein) and the sports agency Golladay hired when he terminated his contracts with Petitioners (as well as parties associated with that new agency)." ECF No. 3, PageID.274. Clarity purported to serve Mr. Golladay through Jay Colvin, an attorney who is General Counsel for the Detroit Lions.

On November 5, 2020, Clarity's process server attempted to personally serve Mr. Golladay at the Lions' training facility, but due to the precautions occasioned by the COVID pandemic, he was not permitted to go near Mr. Golladay. On the return of service, the process server wrote, "Informed if I go near Mr. Golladay he would be forced to go into quarantine." *Clarity's Exhibit 3*, ECF No. 1-4, PageID.120. Instead, Mr. Golladay signed the following statement:

> "On Thursday November 5, 2020, I Kenneth Golladay authorize Jay Colvin to accept and receive service of process on my behalf." *Id*., PageID.121.

Clarity then served the subpoena on Mr. Colvin. The subpoena directed Mr. Golladay to appear for his deposition at 10:00 a.m. on December 23, 2020, and to produce certain documents. Clarity states that Mr. Golladay did not appear at the appointed time. On December 9, 2020, Mr. Colvin sent the following email to Clarity's counsel:

> "As you know, I do not represent Mr. Golladay and my authorization under MCR 2.105(H) to accept service as his agent was limited to a single discrete pleading. That authorization does not extend to your current Motion.
>
> "More importantly, and to you statement below, please be advised that a process server will not be admitted to the Allen Park facility even for the purpose of effectuating personal service. This restriction is not imposed with the intent to (or for the purpose of) interfering with service of process on Mr. Golladay; our current restricted access policy has been put in pace due to legitimate health and safety concerns and follows current NFL protocols prohibiting access to team facilities by anyone other than essential

football personnel who have undergone continuous Covid-19 testing." ECF No. 3-3, PageID.289.

John D. Comerford, Clarity's counsel, then sent Mr. Golladay two email messages, at email addresses that Mr. Golladay had used to communicate with Clarity (his former agents) and "at least one of the defendants." *Declaration of John D. Comerford*, ECF No. 3-1, PageID.284. He received no response. Mr. Comerford also states that "[a]ttempted to effectuate personal service on Golladay at the residential address in Petitioners' records were unsuccessful, and my current understanding is that Golladay no longer resides at that address." *Id*. Mr. Comerford obtained the information about Mr. Golladay's two email accounts based on Clarity's records and documents produced in discovery. *Id*.

## II. DISCUSSION

### A. Motion to Enforce Subpoena [ECF No. 1]

Clarity's request to enforce the subpoena is based on the theory that service on Mr. Colvin, the Lions' General Counsel, was effective service on Mr. Golladay. It was not.

Fed.R.Civ.P. 4(e)(1)( C ) provides that an individual may be served by delivering a copy "to an agent authorized by appointment or by law to receive service of process." Mr. Colvin is not Mr. Golladay's attorney, and regardless of Mr. Golladay's "authorization" for him to receive service, Mr. Colvin himself never agreed to accept service of subpoenas for Golladay. Nor can it be implied that as General Counsel, he was "authorized by appointment or by law" to accept service on behalf of the Lions' players.

In *Snyder v. Swanson*, 371 F. App'x 285, 287 (3d Cir. 2010), Snyder, the plaintiff, attempted service on Attorney Green, who had represented the defendant in separate litigation. The Third Circuit held that service on Green was improper, that authorization could not be inferred even though Green represented the defendant in a separate action, and, importantly, that an attorney must *agree* to accept service on an individual's behalf.

The Court stated:

> "There is no showing that Green was expressly 'authorized by appointment or by law' as Rule 4(e) contemplates. Rather, Snyder argues that Green's authority to accept service is implied. We do not credit this argument of implied authority when the record shows that Green himself expressly and unambiguously informed Snyder that he did not agree to accept service.

*See also Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, 2013 WL 12064538, at *3 (S.D. Cal. Jan. 23, 2013)(citing *Snyder*).

Likewise in the present case, Mr. Colvin has unambiguously stated that he is not generally authorized to accept service on Mr. Golladay's behalf, or specifically to accept service of the subpoena. Nor can his authority to do so be implied simply because Mr. Golladay unilaterally signed a purported authorization that was obviously prepared by Clarity's process server. Service of the subpoena on Mr. Colvin was not effective, and Clarity's motion to enforce the subpoena must be denied.

**B. Motion for Alternate Service [ECF No. 3]**

"Federal Rule of Civil Procedure 4 allows for flexibility in service upon Defendants to ensure that Defendants are given proper notice of an action and to eliminate unnecessary technicalities." *N. Atl. Operating Co., Inc. v. Babenko*, 2016 WL 9445919, at *1 (E.D. Mich. May 6, 2016).

F.R.Civ.P. 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." M.C.R. 2.105, which governs service of process in the State of Michigan, provides in relevant part that service may be effected on an individual as follows:

> 1. delivering a summons and a copy of the complaint to the defendant personally; or

> 2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A)(1)-(2).

In addition, M.C.R. 2.105(I) provides for the possibility of alternate service as follows:

> 1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> 2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). Rather, "[a] truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." Id. at 919.

Clarity has met the requirements for alternate service. First, it has shown that service cannot be reasonably made as otherwise provided in M.C.R. 2.105. Personal service was attempted at the Lions' training facility, but due to the COVID protocols that were in place, personal contact with Mr. Golladay was not permitted. Mr. Colvin's December 9, 2020 email confirmed that the Lions' restricted access policy prohibits entry by anyone other than essential football personnel who have undergone continuous COVID testing. Nor can service be made at Mr. Golladay's residence, personally or by

certified mail, since following an attempt at personal service, Clarity determined that Mr. Golladay no longer resides at that residence. Clarity has made diligent but unsuccessful attempts at service.

Clarity has adequately shown that email service at Mr. Golladay's two email addresses is reasonably calculated to give him actual notice. Through its own records and through discovery, it has identified two email addresses used by Mr. Golladay to communicate with Clarity (his former agents) and with one of the Defendants. "In cases where Defendants have conducted business online, via email, or other electronic means, courts in this Circuit have permitted service of process by email and other alternative methods." *N. Atl. Operating Co.*at *1, citing *Elcometer, Inc. v. Tqc–Usa, Inc*., 2013 WL 592660, *2 (E.D. Mich. Feb. 14, 2013) and *McCluskey v. Belford High Sch*., 2010 WL 2696599 (E.D. Mich. Jun. 24, 2010). Accordingly, Clarity may serve the subpoena on Mr. Golladay by email.

## III. CONCLUSION

Clarity's motion to enforce Rule 45 subpoena [ECF No. 1] is DENIED.

Clarity's motion for alternate service [ECF No. 3] is GRANTED. Clarity may serve the subpoena on Mr. Golladay through both of the email addresses referenced in its motion.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: January 22, 2021

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 22, 2021 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager