**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| CLARITY SPORTS INTERNATIONAL LLC and JASON BERNSTEIN, | ) ) ) | No. 2:20-MC-51484 |
| Petitioners, | ) | District Judge George C. Steeh |
| v. | ) ) | Magistrate Judge Whalen |
| KENNY GOLLADAY, | ) ) | Arising from Civil Action No. 1:19-cv-305-YK, pending in |
| Respondent. | ) | the United States District Court For the Middle District of Pennsylvania |

<u>**PETITIONERS' MOTION FOR CONTEMPT AND SANCTIONS AGAINST
RESPONDENT KENNY GOLLADAY**</u>

Petitioners Clarity Sports International LLC and Jason Bernstein move for

contempt and sanctions against Respondent Kenny Golladay for failing to comply

with a subpoena directing him to appear for a deposition and produce responsive

documents, and the Court's order enforcing that subpoena.

For the reasons set forth in their Brief in Support of Motion for Contempt and

Sanctions, Petitioners respectfully move the Court to order Golladay (1) to show

cause why he should not be adjudged in contempt, (2) to pay Petitioners' attorney

fees and costs associated with this Motion and Golladay's failure to appear at his

second and third noticed depositions, (3) to pay a $1,000 per day fine until he or his

attorney contacts Petitioners' attorneys to reschedule his deposition, and (4) to

appear at his rescheduled deposition and produce relevant documents or face criminal contempt charges.

As required by Local Rule 7.1(a), counsel for Petitioners has attempted to confer with Golladay regarding the nature of this Motion and its legal basis. Neither Golladay nor anyone acting on his behalf has responded.

Dated:  May 14, 2021                    Respectfully submitted,

                                        HONIGMAN LLP
                                        Attorneys for Petitioners

                                        /s/ Andrew W. Clark
                                        HONIGMAN LLP
                                        Jeffrey K. Lamb (P76738)
                                        Andrew W. Clark (P79165)
                                        2290 First National Building
                                        660 Woodward Avenue
                                        Detroit, MI 48226-3506
                                        313.465.7282
                                        jlamb@honigman.com
                                        aclark@honigman.com

                                        DOWD BENNETT LLP
                                        John D. Comerford #60164MO
                                        (application for admission forthcoming)
                                        James B. Martin #70219MO
                                        (application for admission forthcoming)
                                        7733 Forsyth Blvd., Suite 1900
                                        St. Louis, Missouri 63105
                                        (314) 889-7300 (phone)
                                        (314) 863-2111 (facsimile)
                                        jcomerford@dowdbennett.com
                                        jbmartin@dowdbennett.com
                                        *Co-Counsel for Petitioners*

39025611.1

N THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

CLARITY SPORTS INTERNATIONAL        )
LLC and JASON BERNSTEIN,            )        No. 2:20-MC-51484
                                    )
        Petitioners,                )        District Judge George C. Steeh
v.                                  )        Magistrate Judge Whalen
                                    )
KENNY GOLLADAY,                     )        Arising from Civil Action No.
                                    )        1:19-cv-305-YK, pending in
        Respondent.                 )        the United States District Court
                                             For the Middle District of
                                             Pennsylvania

**<u>BRIEF IN SUPPORT OF PETITIONERS' MOTION FOR CONTEMPT
AND SANCTIONS AGAINST RESPONDENT KENNY GOLLADAY</u>**

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................. ii

STATEMENT OF THE ISSUE ....................................................................... iii

MOST APPROPRIATE AUTHORITY ........................................................... iv

INTRODUCTION ............................................................................................ 1

FACTUAL BACKGROUND ............................................................................ 2

    A.    Procedural History and Underlying Litigation .................................. 2

    B.    Petitioners' Motion to Enforce Subpoena and
         the Court's Subpoena Order ............................................................ 3

    C.    Petitioners Comply with the Court's Subpoena Order
         and Serve it On Golladay ................................................................. 4

    D.    Golladay Fails to Appear at his Third Scheduled Deposition .............. 4

LEGAL STANDARD ....................................................................................... 5

ARGUMENT ................................................................................................... 6

    A.    Petitioners have shown by clear and convincing evidence
         that Golladay failed to comply with the Subpoena and the Court's
         Subpoena Order. ............................................................................. 6

    B.    Golladay should be sanctioned for his contempt ............................... 8

         1.    Attorney Fees and Costs ......................................................... 9

         2.    Monetary Fine ..................................................................... 10

CONCLUSION .............................................................................................. 11

i

# TABLE OF AUTHORITIES

**C**ASES

*Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec.*
   *Serv. Co.,*
   340 F.3d 373 (6th Cir. 2003) ......................................................................5, 6, 8

*Int'l Union, United Mine Workers v. Bagwell,*
   512 U.S. 821 (1994).........................................................................................10

*Nithyananda Dhanapeetam of Columbus v. Rao,*
   2015 WL 13742739 (E.D. Mich. Sept. 8, 2015) ................................................9

*PaineWebber Inc. v. Acstar Ins. Co.,*
   211 F.R.D. 247 (S.D.N.Y. 2002) ....................................................................10

*Palmer v. City of Decatur,*
   2019 WL 1883892 (C.D. Ill. Apr. 3, 2019) .....................................................10

*Rolex Watch U.S.A., Inc. v. Crowley,*
   74 F.3d 716 (6th Cir. 1996) ..............................................................................5

*Shirley v. City of Eastpointe,*
   2012 WL 5878224 (E.D. Mich. Nov. 21, 2012)................................................9

*Tracfone Wireless, Inc. v. LaMarsh,*
   307 F.R.D. 173 (W.D. Pa. 2015) ....................................................................10

*TWM Mfg. Co. v. Dura Corp.,*
   722 F.2d 1261 (6th Cir. 1983) ..........................................................................9

*United States v. Rylander,*
   460 U.S. 752 (1983)..........................................................................................5

*United States v. United Mine Workers of Am.,*
   330 U.S. 258 (1947).........................................................................................5

## STATUTES

Fed. R. Civ. P. 45(e).........................................................................................9

Fed. R. Civ. P. 45(g) ..............................................................................5, 6

## <u>STATEMENT OF THE ISSUE</u>

Whether this Court should hold Kenny Golladay in contempt and sanction him for failing to comply with a subpoena and the Court's order enforcing that subpoena?

***Petitioners state: Yes.***

## Cases

*United States v. United Mine Workers of Am., 330 U.S. 258, 303-04 (1947)*

*Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378-79 (6th Cir. 2003)

*Nithyananda Dhanapeetam of Columbus v. Rao*, 2015 WL 13742739, at *4 (E.D. Mich. Sept. 8, 2015), *report and recommendation adopted*, 2016 WL 1637559 (E.D. Mich. Apr. 26, 2016)

*Shirley v. City of Eastpointe*, 2012 WL 5878224, at *3 (E.D. Mich. Nov. 21, 2012), *report and recommendation adopted*, 2013 WL 153456 (E.D. Mich. Jan. 15, 2013)

## Rules

Fed. R. Civ. P. 45(g)

## **INTRODUCTION**

Petitioners have prepared for and attended three separate depositions noticed for Kenny Golladay—an important witness subpoenaed in the underlying action *Clarity Sports International LLC et al. v. CAA Sports et al.*, Case No. 1:19-cv-305-YK (M.D. Pa.) (the "MDPA Action")—and on all three separate occasions, Golladay failed to appear without any excuse. His latest, and most egregious, non-appearance came after the Court granted Petitioners' Motion to Enforce [Golladay's] Subpoena and ordered that "Mr. Golladay will appear as directed," otherwise "MR. GOLLADAY'S FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS FOR CONTEMPT OF COURT." (ECF No. 9, PageID.440-441 (emphasis in original).)

Despite the Court's strong warning, Golladay still refused to appear or produce any documents. It is apparent now that Golladay lacks respect for this Court's authority and will continue to evade Petitioners' requests for a deposition, unless he is held in contempt and sanctioned.

Petitioners request the Court to immediately order a hearing for Golladay to show cause why he should not be held in contempt and sanctioned for failing to comply with the Subpoena, and the Court's order enforcing that Subpoena.

39025611.1

## FACTUAL BACKGROUND

### A. Procedural History and Underlying Litigation

This dispute arose in the Middle District of Pennsylvania District Court, *Clarity Sports International LLC et al. v. CAA Sports et al.*, Case No. 1:19-cv-305-YK (M.D. Pa.) (the "MDPA Action"), over Petitioners' claims for tortious interference against Defendants CAA Sports LLC, Redland Sports, Gerry Ochs, MVP Authentics, LLC, Daryl Eisenhour, Jason Smith, Boone Enterprises d/b/a Boone Enterprises Authentic Autographs, and Craig Boone.

Petitioners are Golladay's former agent, Jason Bernstein, and Bernstein's agency, Clarity Sports International LLC.  Petitioners allege that Defendants tortiously interfered with two of Petitioners' contracts with Golladay, a wide receiver who played for the Detroit Lions of the National Football League.  Part of Petitioners' claims involve a January 21, 2019 autograph signing for Golladay, which Petitioners allege Defendants arranged and that caused Golladay to terminate his contracts with Petitioners and hire a different agent.  Golladay's testimony and any documents in his possession are essential to Petitioners' claims. And thus, Petitioners obtained a Subpoena for Golladay to appear at a deposition and produce relevant documents.  (ECF No. 1-2, PageID.22.)

On November 5, 2020, Petitioners attempted to serve Golladay with the Subpoena through counsel for the Detroit Lions, who was purportedly authorized to

- 2 -

accept service on Golladay's behalf.  (ECF No. 1-4, PageID.121.)  On the date of his scheduled deposition, Golladay did not appear nor produce any documents.

The Court held that the November 5, 2020 service of the Subpoena on Golladay was ineffective, but granted Petitioners' request to allow service on Golladay through email.  (ECF No. 6.)  Petitioners then served a second Subpoena on Golladay requiring him to produce documents and sit for a deposition on February 5, 2021.  (ECF No. 7-1, PageID.322.)  Golladay again did not appear at his deposition or produce responsive documents.  (ECF No. 7-3.)

## B. Petitioners' Motion to Enforce Subpoena and the Court's Subpoena Order

Golladay's failure to appear at his February 5, 2021 deposition and produce relevant documents prompted Petitioners to renew their Motion to Enforce Rule 45 Subpoena against Golladay.  (ECF No. 7.)  On March 19, 2021, the Court granted that motion (the "Court's Subpoena Order") and ordered (1) Petitioners to serve Golladay with a new Notice of Deposition, including a new date and Zoom link, (2) Golladay to appear as directed in the Notice of Deposition, (3) Golladay to produce documents as set forth in subpoena, and (4) Petitioners to serve Golladay with a copy of the Subpoena Order.  (ECF No. 9, PageID.440.)

The Court warned Golladay that his "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS FOR CONTEMPT OF COURT."  (*Id.* at PageID.441 (emphasis in original).)

- 3 -

**C. Petitioners Comply with the Court's Subpoena Order and Serve it On Golladay**

Petitioners served Golladay with a new Notice of Deposition that included a new date for his deposition, April 13, 2021, and a Zoom link.  Exhibit A, "Notice of Video Deposition of Kenny Golladay"; Exhibit B, "Email Serving Notice of Deposition and Court Order."  At the same time, Petitioners served Golladay a copy of the Court's Subpoena Order.  *See* Ex. B (attaching ECF No. 9).  Both the new Notice of Deposition and the Court's Subpoena Order were served on Golladay via email consistent with the Court's Order granting Petitioners' Motion for Alternate Service, (ECF No. 6).

On April 12, 2021, one day before Golladay's third scheduled deposition, Petitioners emailed Golladay a reminder of the deposition, again attaching the Notice of Deposition and Zoom link.  Ex. B.  Petitioners sought Golladay's confirmation that he will be attending the deposition.  *Id.*  Petitioners received no response.  Golladay never filed an objection to the Subpoena nor did he move to quash it.

**D. Golladay Fails to Appear at his Third Scheduled Deposition**

The next day, on April 13, 2021, counsel for Petitioners and Defendants appeared at Golladay's deposition at the noticed time.  Exhibit C, "Transcript of April 13, 2021 Deposition of Kenny Golladay."  Golllladay never appeared.  Counsel for the parties placed their appearances on the record.  Petitioners' counsel then noted that "this is the third time we have convened over the Zoom platform to take

- 4 -

Mr. Golladay's deposition and the third time he has not appeared." *Id.* at 5.  The parties then agreed to adjourn the deposition given Golladay's absence.

## LEGAL STANDARD

Under Fed. R. Civ. P. 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

A court may also find a party in contempt of court for "violat[ing] a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378-79 (6th Cir. 2003).  Sanctions are appropriate to coerce defendants into compliance with the court's order and to compensate the movant for the losses sustained.  *Id.* (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)).

The party moving for sanctions must prove by clear and convincing evidence that the non-movant knowingly violated a specific order of the court.  *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996).  Where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

- 5 -

## **ARGUMENT**

As the record shows, Golladay has been aware since at least November 2020 of Petitioners' efforts to secure important testimony from him.  (ECF No. 1-4.)  Since then, Golladay has knowingly evaded these efforts and disregarded his obligations under the law.  Not only has he failed to comply with the Subpoena requiring him to appear for his deposition and produce documents, but he knowingly disregarded the Court's Order enforcing that Subpoena.  For these reasons, he should be held in contempt for failing to obey the Subpoena and the Court's Subpoena Order, and sanctioned accordingly.

### **A. Petitioners have shown by clear and convincing evidence that Golladay failed to comply with the Subpoena and the Court's Subpoena Order.**

For failing to produce documents and appear at his February 5, 2021 and April 13, 2021 depositions, Golladay should be held in contempt under Federal Rule 45(g) and under the Court's inherent power to enforce its orders. *See* F.R.C.P. 45(g) (the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena"); *Elec. Workers Pension Trust Fund*, 340 F.3d at 378-79 (the court may hold an individual in contempt for "violat[ing] a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order").

- 6 -

On January 22, 2021, the Court granted Petitioners' request to serve the Subpoena on Golladay by email. (ECF No. 6.)  That same day, Petitioners served the order, along with the Subpoena, on Golladay by email. (ECF No. 7-1, PageID.322.)  The Subpoena directed him to produce documents and sit for a deposition on February 5, 2021. (*Id.* at PageID.326.)  Golladay did not appear at his deposition or produce responsive documents. (ECF No. 7-3.)

Petitioners quickly moved the Court to enforce the Subpoena against Golladay. (ECF No. 7.)  In granting Petitioners' Motion to Enforce Rule 45 Subpoena the Court ordered (1) Petitioners to serve Golladay with a new Notice of Deposition, including a new date and Zoom link, (2) Golladay to appear as directed in the Notice of Deposition, (3) Golladay to produce documents as set forth in subpoena, and (4) Petitioners to serve Mr. Golladay with a copy of the Subpoena Order. (ECF No. 9, PageID.440.)  The Court specifically warned Golladay that his "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS FOR CONTEMPT OF COURT." (*Id.*, PageID.441 (emphasis in original).)

Petitioners served Golladay with a new Notice of Deposition that included a new date for his deposition, April 13, 2021, and a Zoom link.  Exs. A and B. At the same time, Petitioners served Golladay a copy of the Court's Subpoena Order. *See* Ex. B (attaching ECF No. 9).  Both the new Notice of Deposition and the Court's

- 7 -

Subpoena Order were served via email on Golladay consistent with the Court's Order granting Petitioners' Motion for Alternate Service, (ECF No. 6).

Petitioners provided Golladay even more notice, by sending him a reminder email on April 12, 2021, the day before Golladay's scheduled deposition. *See* Ex. B. But to no avail. Golladay did not appear at his third scheduled deposition, despite Petitioners providing him the Notice of Deposition, the Court's Subpoena Order, and the Court's explicit warning that his failure to appear may result in being held in contempt. *See* Ex. C.

These facts show that Golladay failed to comply with both the Subpoena and Court's Order enforcing that Subpoena by failing to attend his scheduled deposition and produce relevant documents. Under both Rule 45(g) and the Court's inherent power to enforce its orders, Golladay should be held in contempt and sanctioned.

## B. Golladay should be sanctioned for his contempt.

Sanctions for contempt are appropriate to (1) coerce individuals into compliance with a court's order and (2) to compensate the movant for any losses sustained. *Elec. Workers Pension Trust Fund*, 340 F.3d at 378-79. Golladay should be ordered to compensate Petitioners for the losses they sustained—attorney fees and costs. Additionally, to coerce Golladay's compliance with the Court's Subpoena Order, he should be fined $1,000 per day until he contacts Petitioners' attorneys to reschedule his deposition.

1.  <u>Attorney Fees and Costs</u>

It is well established that "[t]he award of attorney's fees and expenses to a successful movant may be appropriate in a civil contempt proceeding." *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983).  Courts often order the payment of attorney fees and costs when a witness is held in contempt for failing to obey a subpoena.  *See Nithyananda Dhanapeetam of Columbus v. Rao*, 2015 WL 13742739, at *4 (E.D. Mich. Sept. 8, 2015), *report and recommendation adopted*, 2016 WL 1637559 (E.D. Mich. Apr. 26, 2016) ("Unless [the witness] can satisfactorily show cause as to why he has not fully complied with Plaintiff's subpoena, he should be held in civil contempt of court by the District Judge, and he should be ordered to purge himself of the contempt by fully complying with the subpoena and by paying the reasonable fees and costs incurred by Plaintiff as a result of his non-compliance."); *Shirley v. City of Eastpointe*, 2012 WL 5878224, at *3 (E.D. Mich. Nov. 21, 2012), *report and recommendation adopted*, 2013 WL 153456 (E.D. Mich. Jan. 15, 2013) ("Additionally, Pursuant to Fed.R.Civ.P. 45(e) the Court will order [the witness] to pay reasonable expenses, including attorneys fees, for causing Defendants to bring their Motion to Show Cause.").

Here, Golladay has not just forced Petitioners' to file this Motion, but he has cost Petitioners a substantial amount of time and money preparing and appearing for two depositions where he was properly served and failed to attend.  These losses

sustained by Petitioners should be paid by Golladay.  Petitioners request the Court

to order Golladay to pay all expenses and fees, including attorney fees, in bringing

this Motion and having to prepare and attend two depositions for which Golladay

failed to attend.[1]

2.  <u>Monetary Fine</u>

Civil contempt sanctions are "penalties designed to compel future compliance

with a court order, [and] are considered to be coercive and avoidable through

obedience, and thus may be imposed in an ordinary civil proceeding upon notice and

an opportunity to be heard." *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S.

821, 827 (1994).   Courts often impose fines on individuals to ensure their

compliance with court orders and subpoenas. *See Tracfone Wireless, Inc. v.

LaMarsh*, 307 F.R.D. 173, 177 (W.D. Pa. 2015) (ordering witness to pay $200 per

day until witness contacts the plaintiff's counsel to schedule deposition);

*PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (ordering

party to pay one-time fee of $790 for failure to comply with subpoena); *Palmer v.

City of Decatur*, 2019 WL 1883892, at *2 (C.D. Ill. Apr. 3, 2019), *report and

recommendation adopted*, 2019 WL 1795933 (C.D. Ill. Apr. 24, 2019) (ordering

---

[1] Petitioners likely will incur additional expenses and fees with prosecuting this
Motion, including those to be incurred at a show cause hearing.  Because Petitioners
cannot calculate all of those costs and fees at this time, Petitioners request the Court
to order Petitioners to file an accounting of all costs and fees associated with the
depositions and this Motion after the show cause hearing.

- 10 -

witness to pay fine for every day that he fails to comply with the outstanding subpoena for deposition).

Based on Golladay's pattern of noncompliance and disrespect for this Court's authority, a fine is not just appropriate, it is necessary to ensure Golladay's future compliance. His testimony and documents are highly relevant to Petitioners' claims in the underlying action and there is no indication Golladay intends to voluntarily comply with Petitioners' requests. Petitioners request a fine of $1,000 per day until Golladay or his attorney contacts Petitioners' attorneys to reschedule a deposition. Golladay is a professional athlete with significant financial resources; Petitioners believe the magnitude of the requested fine is the minimum necessary to coerce Golladay's compliance.

## CONCLUSION

For all these reasons, Petitioners respectfully move the Court to order Golladay (1) to show cause why he should not be adjudged in contempt, (2) to pay Petitioners' attorney fees and costs associated with this Motion and Golladay's failure to appear at his second and third noticed depositions, and (3) to pay a $1,000 per day fine until he or his attorney contacts Petitioners' attorneys to reschedule his deposition, and (4) to appear at his rescheduled deposition and produce relevant documents or face criminal contempt charges.

- 11 -

Dated:  May 14, 2021                    Respectfully submitted,


                                        HONIGMAN LLP
                                        Attorneys for Petitioners

                                         /s/ Andrew W. Clark
                                        HONIGMAN LLP
                                        Jeffrey K. Lamb (P76738)
                                        Andrew W. Clark (P79165)
                                        2290 First National Building
                                        660 Woodward Avenue
                                        Detroit, MI 48226-3506
                                        313.465.7282
                                        jlamb@honigman.com
                                        aclark@honigman.com

                                        DOWD BENNETT LLP
                                        John D. Comerford #60164MO
                                        (application for admission forthcoming)
                                        James B. Martin #70219MO
                                        (application for admission forthcoming)
                                        7733 Forsyth Blvd., Suite 1900
                                        St. Louis, Missouri 63105
                                        (314) 889-7300 (phone)
                                        (314) 863-2111 (facsimile)
                                        jcomerford@dowdbennett.com
                                        jbmartin@dowdbennett.com
                                        *Co-Counsel for Petitioners*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a file-stamped copy forgoing document will be served on Golladay on May 14, 2021 by electronic mail consistent with the Court's order permitting alternate service in this matter.


<u>/s/ Andrew W. Clark</u>

39025611.1