UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARITY SPORTS
INTERNATIONAL, LLC,

        Plaintiff/Petitioner,

v.

REDLAND SPORTS, *et al*.,

        Defendants,

v.

KENNETH GOLLADAY,

        Respondent.
_____/

Case No. 2:20-mc-51484
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART PETITIONERS' REQUEST FOR FEES AND COSTS

### A. Background

The matter before the Court began on December 8, 2020, when Petitioners Clarity Sports International, LLC and Jason Bernstein (collectively Petitioners) filed an initiating motion under Fed. R. Civ. P. 45, to compel non-party Kenneth Golladay's (Respondent's) compliance with a subpoena related to an underlying action in the United States District Court for the Middle District of Pennsylvania. (ECF No. 1.) I entered an order granting the relief requested on March 19, 2021 (ECF No. 9), but Respondent's continued failure to comply with the subpoena and

that order prompted Petitioners to file a motion for contempt and sanctions (ECF No. 10). Ultimately, I declined to hold Respondent in contempt, but pursuant to the Court's inherent powers, granted Petitioners' request for attorney fees and costs related to their efforts to secure Respondent's compliance with the subpoena. (ECF No. 23.) In so doing, I directed Petitioners to submit a sworn bill of fees and costs

> incurred in drafting their second motion to compel compliance with the subpoena (ECF No. 7), drafting the [motion for contempt and sanctions] (ECF No. 10) and related briefing, and arguing [that] motion at the September 28, 2021 hearing, as well as documentation in support of their fee request, for the Court's review.

(ECF No. 23, PageID.1087.)

### B.     Petitioners' Bill of Costs

Currently before the Court is Petitioners' November 8, 2021 bill of costs, by which they seek reimbursement in the amount of $20,688—$20,365 in attorney fees and $323 in costs. (ECF No. 24.) Broken down, the request for attorney fees amounts to: (1) 4 hours at an hourly rate of $580 for attorney Jeffrey K. Lamb, 19.25 hours at an hourly rate of $455 for attorney Andrew W. Clark, and 11 hours at an hourly rate of $350 for attorney Nicholas A. Burandt of Honigman LLP, which served as Petitioners' counsel for the ancillary subpoena matter; and (2) 7.8 hours at an hourly rate of $420 for attorney John D. Comerford and 7.2 hours at an hourly rate of $300 for attorney James B. Martin of Dowd Bennett LLP, the firm

2

representing Petitioners in the underlying action.  (ECF No. 24.)  Petitioners support their bill of costs with affidavits from attorneys Lamb and Comerford. (ECF Nos. 24-1 & 24-2.)

Respondent filed a response, objecting to: (1) "all entries by Honigman partner Jeff Lamb whose time was redundant with, or otherwise duplicative of, Mr. Clark's time"; (2) the fees requested for attorney Martin's time, as he "performed no real meaningful assistance in this matter and thus his time is not necessary to complete the list activities"; and (3) the requested Dowd Bennett fees in their entirety, because it is likely "that the Dowd Bennett firm has been pursuing this litigation on a contingency fee and the Petitioners have not 'incurred' any Dowd Bennett fees or costs."  (ECF No. 25.)  Alternatively, Respondent "requests that Petitioners be ordered to appear at an evidentiary hearing to offer admissible evidence—subject to cross examination—demonstrating, in accordance with this Court's Opinion and Order (ECF No. 23), that Petitioners 'incurred' all of the fees and costs referenced in their counsels' declarations in support of Petitioners' November 8, 2021 Bill of Fees and Costs (ECF No. 24)."  (ECF No. 25, PageID.1113.)

Petitioners filed a reply brief, in which they assert that: (1) attorney Lamb performed activities for which the Court ordered reimbursement; (2) attorney Martin's time entries were for substantive work, including briefing and editing; (3)

any contingency fee relationship between Petitioners and Dowd Bennett is immaterial; and (4) "The issues that [Respondent] ***does not*** raise as objections are instructive. [Respondent] does not argue that the total amount Petitioners seek as a sanction is unreasonable on its face. He does not argue that the rates charged by any of the attorneys are unreasonable." (ECF No. 26.)

### C. Standard

I ordered fees and costs against Respondent based on the Court's inherent authority to sanction when an individual engages in conduct that hampers the enforcement of a court order and acts in bad faith. (ECF No. 23, PageID.1084-1088.) "[A] federal court's inherent authority to sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees . . . is limited to the fees the innocent party incurred solely because of the misconduct." *In re Bavelis*, 743 F. App'x 670, 675 (6th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1183-84, 197 L.Ed.2d 585 (2017)). "In other words, [t]he complaining party . . . may recover only the portion of his fees that he would not have paid but for the misconduct." *Id*. at 676 (quotations and citations omitted).

The traditional lodestar method is used. "In setting an award of attorneys' fees, the district court must first arrive at the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly

4

rate." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). As here, attorneys often provide their actual hourly rate. *See, e.g., Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 280 (6th Cir. 2016) (basing lodestar figure upon the attorney's actual billed rates). "The court should then exclude excessive, redundant, or otherwise unnecessary hours." *U.S. Structures, Inc.*, 130 F.3d at 1193 (citing *Hensley*, 461 U.S. at 434). "Next, the resulting sum should be adjusted to reflect the 'result obtained.'" *U.S. Structures, Inc.*, 130 F.3d at 1193. A court must "state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why. Failure to provide such an explanation requires us to remand the case for further consideration." *Sierra Club v. Hamilton Cty. Bd. of Cty. Comm'rs*, 504 F.3d 634, 645 (6th Cir. 2007) (citation and internal quotation marks omitted).

### D. Discussion

#### 1. Hourly Rates

As an initial matter, the Court notes that Respondent does not challenge the reasonableness of the hourly rates Petitioners' counsel attest to have charged for their services. Accordingly, the Court considers those rates reasonable.

#### 2. Costs

5

Petitioners request costs totaling $323: $49 for filing fees, $92.09 for Westlaw charges, $18.03 in FedEx charges for delivering courtesy copies, and $164.25 in transcript preparation fees. (ECF No. 24, PageID.1091-1092.) As Respondent does not object to the requested costs, the Court **AWARDS** Petitioners $323 in costs.

### 3. Honigman Fees and Costs

Again, with regard to the work performed by Honigman counsel, Petitioners request reimbursement amounting to 4 hours at an hourly rate of $580 for attorney Lamb, 19.25 hours at an hourly rate of $455 for attorney Clark, and 11 hours at an hourly rate of $350 for attorney Burandt, for a total of $14,929 in attorney fees. (ECF No. 24, PageID.1089-1090; ECF No. 24-1.) Respondent challenges neither the rates espoused, nor that the work listed is that for which the Court has ordered fees and costs. Instead, he objects only to "all entries by Honigman partner Jeff Lamb whose time was redundant with, or otherwise duplicative of, Mr. Clark's time." (ECF No. 25, PageID.1110.)

The Court disagrees, looking individually at each line item attributed to attorney Lamb:

- .50 hours to "[r]eview order [granting motion to compel] and transcript and confer with N. Burandt"

- .25 hours to "[r]eview draft stipulation status report; confer with A. Clark and J. Comerford re same"

6

- .50 hours to "[r]eview order re response to motion for sanctions; confer with A. Clark re reply brief"

- .75 hours to "[r]eview response to motion for sanctions; confer with team re same; confer with A. Clark re reply brief"

- 2.00 hours to "[p]repare for and attend argument on motion for contempt"

(ECF No. 24-1, PageID.1099-1100.) Although much of attorney Lamb's relevant work appears to have involved review and conference with other attorneys, the Court considers such collaboration between partners and associates typical and substantive, as opposed to duplicative and redundant. This seems especially true here, as attorney Lamb attests that fellow partner attorney Clark took paternity leave in April and May 2021 (the first line item above is dated 04/27/21), and that associate attorney Burandt provided temporary assistance at that time. (ECF No. 24-1.) Accordingly, the Court **OVERRULES** Respondent's objections to the entries by attorney Lamb, and as Respondent effectively acquiesces to the hours listed for attorneys Clark and Burandt, **AWARDS** Petitioners the $14,929 in fees requested for the services performed by the Honigman attorneys.

    4.    **Dowd Bennett Fees**

With regard to Dowd Bennett, Petitioners request $5,436 total: 7.8 hours at an hourly rate of $420 for attorney Comerford and 7.2 hours at an hourly rate of $300 for attorney Martin. (ECF No. 24, PageID.1091; ECF No. 24-2.) Respondent objects to the fees requested for attorney Martin's time on the basis

7

that he provided no meaningful assistance in the relevant matters, but further objects to all requested Dowd Bennett fees because its attorneys may be retained on a contingency fee basis and, thus, "Petitioners have not 'incurred' any Dowd Bennett fees or costs." (ECF No. 25, PageID.1110-1113.)

The Court, however, struggles to find the logic in this latter argument, as it would imply that parties (or non-parties) would be shielded from sanctions for poor behavior whenever the opposing side has a contingency-fee relationship. Indeed, in *Hamlin v. Charter Twp. of Flint*, 165 F.3d 426, 438 (6th Cir. 1999), cited by Petitioners (ECF No. 26, PageID.1654-1656), the Sixth Circuit stated:

> [T]he district court's reduction of the award based on [the] contingency fee arrangement with [the] attorneys was also inappropriate. The district court cited *United Slate* to support its consideration of the contingency fee as a factor. The district court's reliance, however, was misplaced. *United Slate* involved the issue of whether an attorneys' fee award should be limited by the contingent fee contract between the attorneys and the plaintiff. *See United Slate*, 732 F.2d at 501, 503. Rejecting consideration of the plaintiff's contingency fee arrangement as a factor in the overall determination of a reasonable fee, the court said, "the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel." *Id*. at 504. The Court did note, however, that the contingent nature of the fee may be considered when calculating the reasonable hourly billing rate to provide an allowance for contingent risks assumed by the attorney. *See id*. at 503. In other words, the reasonable hourly rate may be adjusted *upward* to account for the risk of non-payment inherent in a contingency fee arrangement. But to use the arrangement as the basis for a *downward* adjustment from an otherwise reasonable rate is illogical and unjustified.

Respondent offers no case law in contradiction to support his argument. Instead, focusing on the Court's order that Petitioners be reimbursed fees and costs "*incurred* in drafting their second motion to compel . . ." (ECF No. 23, PageID.1087), Respondent asserts:

> Black's Law Dictionary defines "incur" as "to have liabilities cast upon one" or "to become liable." Based on the record before the Court, [Respondent] respectfully submits that this Court cannot find that the Dowd Bennett fees and costs were incurred (in fact it appears they have not been incurred).

(ECF No. 25, PageID.1113.) But no dictionary is needed to define the term "incurred" for the Court, as it is the author of ECF 23, and meant it only to specify that Petitioners are entitled to fees and costs *limited to* their efforts to secure Respondent's compliance with the subpoenas.

Nevertheless, the Court **DECLINES** to award Petitioners any of the fees requested for the work performed by Dowd Bennett attorneys, finding that they are excessive and redundant of the work performed by the attorneys at Honigman. Although Respondent's behavior throughout this matter has undoubtedly been unacceptable and necessitated additional work by Petitioners, that work was frustrating more so than complicated. As a result, the Court believes that awarding fees for the work performed on these matters by Dowd Bennett counsel, much of which amounted to sending emails to Honigman counsel and reviewing and editing filings, would be excessive. *U.S. Structures, Inc.*, 130 F.3d at 1193.

### E. Order

In accordance with the above, the Court **AWARDS IN PART** Petitioners' request for attorney fees and costs. Respondent shall reimburse Petitioners in the amount of **$15,252** ($14,929 in attorney fees and $323 in costs) on or before **Monday, May 23, 2022**. In so doing, the Court recalls, as explained in with greater detail in its prior opinion and order (ECF No. 23), that Respondent's ongoing game of "catch me if you can" unnecessarily drove up the price of obtaining his compliance with this Court's subpoena. Given the scope of this endeavor, in light of the Court's own experience, and taking into consideration all of the other factors discussed above, the Court finds that $15,252 is a reasonable overall fee for the cumulative efforts required to secure the testimony.

**IT IS SO ORDERED.**

Dated: May 12, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE